IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LaTORIA D. JORDAN, | ) |
| Petitioner, | ) |
| v. | ) CIVIL NO. 2:15-cv-135-WKW-WC |
| BOBBY BARRETT, et al., | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Petitioner LaToria D. Jordan ("Jordan"), an inmate of the Alabama Department of Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging her conviction and sentence to life in prison without parole for one count of first-degree robbery in the Circuit Court for Montgomery County, Alabama.[1] Doc. No. 1.

Jordan was convicted after a jury trial. Doc. No. 12-1, at 91. She filed a direct appeal, and the Alabama Court of Criminal Appeals affirmed the judgment on December 13, 2013. Doc. No. 12-10. Her application for rehearing was overruled. Doc. No. 12-13, at 52. She unsuccessfully petitioned for a writ of certiorari to the Alabama Supreme Court, and a certificate of judgment issued on April 11, 2014. Doc. No. 12-14. Jordan did not seek postconviction relief in state court.

---

[1] Jordan also pleaded guilty to ten counts of second-degree forgery and one count of third-degree robbery. She was sentenced to 15 years in prison on each of those counts, to run concurrently. Doc. No. 12-10, at 1-2 n.1.

## II. HABEAS PETITION

Jordan filed this section 2254 petition on February 14, 2015. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (discussing the "mailbox rule"); Rule 3(d) of the Rules Governing Section 2254 Cases in the U.S. District Courts (incorporating the mailbox rule for habeas petitions); Doc. No. 1, at 15. She raises four claims for relief:

1. The state court unlawfully failed to apply Alabama's voluntary sentencing guidelines and instead imposed a life sentence on her under the Alabama Habitual Felony Offender Act ("HFOA"). Doc. No. 1, at 5.
2. The state court violated Jordan's due process rights when she was forced to wear prison clothing during trial. *Id.* at 7.
3. The state court violated Federal Rule of Evidence 404(b) by allowing evidence of Jordan's prior bad acts. *Id.* at 8.
4. The state court violated Jordan's due process rights by denying her motion for acquittal and motion for new trial. *Id.* at 10.

This Court entered an order advising Jordan of the constraints that 28 U.S.C. § 2254(d) places on federal courts to grant relief, including procedural default of federal claims, as well as the ways to overcome default. Doc. No. 13. After reviewing the § 2254 petition, Respondent's answer and other filings, the state court record, and applicable federal law, the Court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

## III. DISCUSSION

### A. Claims 3 and 4 Are Procedurally Defaulted

In Claim 3, Jordan argues the state court violated Federal Rule of Evidence 404(b) by allowing evidence of Jordan's prior bad acts. In Claim 4, she argues the state court violated her due process rights by denying her motion for acquittal and motion for new trial. Doc. No. 1, at 10. Respondents argue that Jordan procedurally defaulted her claims under an adequate and independent state law. Doc. No. 12, at 4-5.

### 1. Exhaustion and Default Principles

The procedural default doctrine is closely related to the exhaustion requirement in section 2254 cases. To preserve a federal claim for habeas review, principles of exhaustion require a petitioner to "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Under exhaustion principles, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Doing so gives the state courts the first opportunity to apply controlling law to their own case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). In Alabama, a full opportunity for direct review of a criminal conviction includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for a writ of certiorari to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the

*Boerckel* rule."), *cert. denied*, 534 U.S. 1136 (2002); Ala. R. App. P. 39 & 40 (setting rules for appeals).

Federal claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray*, 518 U.S. at 161-62 (where state court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by firmly established and regularly followed state procedural rules, such claims are procedurally defaulted).

Jordan never raised her federal habeas Claims 3 and 4 in her petition for further review before the Alabama Supreme Court. Doc. No. 12-13. Because Jordan never presented these claims to the highest available state court that could review them, they are technically unexhausted, but because the time for Jordan to raise the claims in State court has passed, the Court treats them as procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *see also Ford v. Georgia*, 498 U.S. 411, 424 (1991) (to bar federal review, the state

procedural bar must have been "firmly established and regularly followed" at the time of the alleged default); *Henderson*, 353 F.3d at 891 (deeming procedurally defaulted claims that are unexhausted when petitioner is barred from raising them by applicable state procedural rules); *Smith v. Jones*, 256 F.3d 1135, 1138-39 (11th Cir. 2001) (failure to petition for certiorari to Alabama Supreme Court constitutes procedural default if the time to do so has expired); Ala. R. App. P. 39(c) (setting procedural limits for filing petition for certiorari); Ala. R. App. P. 40 (setting limits on applications for rehearing); Ala. R. Crim. P. 32.2(c) (setting limits to petition for relief from a conviction or sentence); *see, e.g.*, *Tucker v. State*, 696 So.2d 1170, 1171-73 (Ala. Crim. App. 2006) (following Rules 32.2(a)(3) and (a)(5) and 32.2(c));

## 2. Exceptions to Procedural Default

This court may reach the merits of procedurally defaulted claims in only two narrow circumstances: (1) if the petitioner shows cause for the default and actual prejudice resulting from it, or (2) if the petitioner establishes that a fundamental miscarriage of justice would result if the defaulted claim is not heard. *See Henderson*, 353 F.3d at 892 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

To show cause for a procedural default, a petitioner ordinarily must show "some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show "prejudice," a petitioner must demonstrate a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir.

5

2002). The court afforded Jordan an opportunity to demonstrate the existence of cause for her failure to raise her defaulted claims in the state courts properly and prejudice resulting from this failure. Doc. No. 13. In response, Jordan argued she is not required to present a claim to a state court on direct review and on collateral review. Doc. No. 20, at 2; *Brown v. Allen*, 344 U.S. 443, 447 (1953). Jordan's hurdle, however, is not her failure to raise claims on direct and collateral review, but rather her failure to present Claims 3 and 4 through one entire round of direct review. Jordan further argues that a habeas claim is deemed exhausted when further state proceedings would be useless. Doc. No. 20, at 2. Claims 3 and 4 are technically "exhausted," but more importantly they are procedurally defaulted because Jordan cannot properly raise them in state court. *See Coleman*, 501 U.S. at 735 n.1; *see also Henderson,* 353 F.3d at 891. Jordan, therefore, provides no ground to establish cause for her failure to comply with the state procedural rules. She also does not identify any resulting prejudice from this Court's refusal to address her federal claims.

Nevertheless, this Court may reach Jordan's procedurally defaulted claims if necessary to prevent a fundamental miscarriage of justice. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Henderson*, 353 F.3d at 892 (citing *Murray*, 477 U.S. at 495-96); *see also House v. Bell*, 547 U.S. 518, 538 (2006) ("[T]he *Schlup*[*v. Delo*, 513 U.S. 298 (1995)] standard is demanding and permits review only in the 'extraordinary' case." citations omitted)). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. This standard is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may

6

consider defaulted constitutional claims. *Id.* at 315. This exception applies when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28); *House*, 547 U.S. at 538. In this context, Jordan must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup*, 513 U.S. at 324. Jordan does not argue that she is actually innocent of the crimes, and nothing in the record suggests a miscarriage of justice will occur if the court does not reach the merits of her defaulted claims. Jordan's procedurally defaulted Claims 3 and 4 are, therefore, foreclosed from federal habeas review.

### B. Claim 1 Concerns State Law Matters Only

In Claim 1, Jordan argues that the trial court erroneously believed it could not sentence her under the Voluntary Sentencing Standards of the Alabama Sentencing Reform Act of 2003 instead of the Alabama HFOA. Doc. No. 1, at 5; Doc. No. 20, at 3. Respondents argue that Jordan's claim regarding application of the Alabama HFOA involves only questions of state law and therefore is not an appropriate basis for federal habeas relief. Respondents further argue the state court correctly held under state law that the issue was not appealable. Doc. No. 12, at 5-6.

7

On direct appeal, the Alabama Court of Criminal Appeals followed a prior state case that interpreted Alabama Code § 12-25-35(f) of the Voluntary Sentencing Standards, which provides that "[f]ailure to follow any or all of the provisions of this section, or failure to follow any or all of the provisions of this section in the prescribed manner, shall not be reviewable on appeal or the basis of any other post-conviction relief." Doc. No. 12-10, at 8 (quoting *Williams v. State*, 3 So.3d 285, 294 (Ala. Crim. App. 2008) (quoting Ala. Code § 12-25-35(f)). The Alabama Court of Criminal Appeals ruled, based on the Alabama statute and *Williams*, that Jordan's "issue is not reviewable on appeal." Doc. No. 12-10, at 8. In her petition for certiorari before the Alabama Supreme Court, Jordan argued she was "challenging the incorrect interpretation of the law upon which the judge decided that the Guidelines were not even applicable." Doc. No. 12-13, at 5. She asked the Alabama Supreme Court to hold that the trial court had discretion to sentence her under the Alabama voluntary guidelines even though she otherwise would be subject to a sentence of life without parole under the HFOA. *Id.* at 6-7. In support of her argument, Jordan relied on the language of Alabama statutes and Alabama cases. She did not refer to the United States Constitution, any federal right, or any federal case. *Id.* at 4-7.

This federal court may consider a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Consequently, this Court has authority to grant habeas relief for errors of federal constitutional law only, not state law. *Id.; see also Ferguson v. Sec'y, Dep't of Corr.*, 580 F.3d 1183, 1211-12 (11th Cir. 2009) (claim involving solely state law issues

8

could not serve as the basis for a federal habeas claim). The Alabama state court decision rested on its interpretation of its own state law, and "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Hendrix v. Sec'y, Fla. Dep't of Corr.*, 527 F.3d 1149, 1153 (11th Cir. 2008) (citing *Bradshaw*). Moreover, any error of state law is not a ground for federal habeas relief. *Hendrix*, 527 F.3d at 1153 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law . . . ."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")). Consequently, Jordan's claim that the Alabama state court wrongly interpreted its own law is not a basis for federal habeas relief.

In her response to Respondents, Jordan adds a new, federal argument that she did not raise in state court. She states that her federal due process and equal protection rights were violated when the state court applied the HFOA to her. Doc. No. 20, at 4, 6, 11, 16. Jordan's federal argument, however, was not presented for review before the highest available state court, thus it is unexhausted. *Boerckel*, 526 U.S. at 845. Because the time to raise the issue in state court has passed, the Court treats the issue as procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *see also Henderson*, 353 F.3d at 891 (deeming procedurally defaulted claims that are unexhausted when petitioner is barred from raising them by applicable state procedural rules); Ala. R. App. P. 39(c) & 40; Ala. R. Crim. P. 32.2(c). Jordan makes no argument to excuse her procedural default of the federal claim, therefore this Court cannot review it. *See Henderson*, 353 F.3d at 892.

## C. Claim 2 Does Not Warrant Habeas Relief

In Claim 2, Jordan argues she was forced to wear prison clothes before the jury in violation of her due process rights. The United States Supreme Court has held that forcing a defendant to wear prison clothing before the jury undermines the defendant's presumption of innocence at trial, and "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes . . . ." *Estelle v. Williams*, 425 U.S. 501, 504-05, 512 (1976). Respondents raise no procedural bar to Jordan's federal claim, but they argue that the Alabama state court ruling on Jordan's claim that she was forced to wear prison clothing was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in state court. Doc. No. 12, at 6; *see* 28 U.S.C. § 2254(d)(1) & (2).

For claims properly before a federal court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The Supreme Court has held that a state court decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this Court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411-13 (2000) (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court recently reemphasized this deferential standard, saying "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). As for the

unreasonable determination of facts prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." Id. (quotation marks and citations omitted).

Factual issues made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Supreme Court has recognized there is a question about the relationship between § 2254(d)(2)'s "unreasonable determination of the facts" standard and § 2254(e)(1)'s presumption, but it has "not yet defined the precise relationship between [them.]" *Brumfield*, 135 S. Ct. at 2282 (quotation marks and citation omitted). If a petitioner failed to develop the factual basis of a claim in state court, the federal court cannot hold an evidentiary hearing unless the petitioner shows "the claim relies on . . . a new rule of constitutional law, made retroactive . . . ; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Cullen*, 131 S. Ct. at 1401.

Except for certain kinds of error that require automatic reversal, even when a state petitioner's federal rights are violated "relief is appropriate only if the prosecution cannot

12

demonstrate harmlessness." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015). "Harmlessness" in the context of section 2254 means "the federal court has 'grave doubt about whether a trial error of federal law had "substantial and injurious effect or influence in determining the jury's verdict."'" *Id.* at 2197-98 (citation omitted). This standard, which is taken from *Brecht v. Abrahamson*, 507 U.S. 619 (1993), requires "more than a 'reasonable possibility' that the error was harmful." *Davis*, 135 S. Ct. at 2198 (quoting *Brecht*, 507 U.S. at 637); *cf. Chapman v. California*, 386 U.S. 18, 24 (1967) (standard for harmlessness on direct review from a state court to the U.S. Supreme Court is whether the error was "harmless beyond a reasonable doubt"). When a state court determines the harmlessness question, "the *Brecht* test subsumes the limitations imposed by AEDPA." *Davis*, 135 S. Ct. at 2199.

These strict limitations reflect that habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 131 S. Ct. at 786, and further quotation marks omitted). As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Harrington*, 131 S. Ct. at 786. Within that disciplined legal framework, the Court addresses Jordan's claim that she was forced to wear prison clothing in violation of her federal due process rights.

### 1. State Court Ruling

At trial, Jordan asserted she was wearing jail-issued orange flip-flops and jail-issued clothing with holes in the shirt and "the state of disrepair of her clothing is tantamount of showing it is prison clothing.'" Doc. No. 12-8, at 27 (quoting trial transcript). The prosecutor responded, "'Today there is no indication she is incarcerated. I believe this Court has done everything possible to hide the fact that she is wearing orange shoes. They just happen to be flip-flops. They could be just any kind of orange flip-flops.'" *Id.* at 28. The trial court ruled that trial would proceed, but the court stated:

> I am going to state for the Record that I find the way in which she is dressed nothing but an effort to minimize the significance of her constitutional rights because the state is required to provide clothing, and they have provided an absolute minimum of clothing.
> I have a great deal of frustration because this is the fifth time this case has been called for trial. So we are going to proceed, because we have all the witnesses here once again as they have been here five days. So we are going to proceed. If somebody decides later on this was done inappropriately, I want everybody to know that we all knew this in advance. The State of Alabama knew it and chose to proceed anyway, even if we have to do this all over again at some later time.
> So we are going to proceed. I am going to exercise the best efforts I have to try to minimize the jury's ability to see the pants and see the clothes and see the flip-flops by placing Ms. Jordan in the best area that I can to prevent the jury from observing all of these things.

Doc. No. 12-8, at 28 (quoting the trial transcript).

On appeal, the Alabama Court of Criminal Appeals acknowledged the Supreme Court's directive in *Estelle*, and it ruled that Jordan was not tried before the jury in identifiable prison clothes. Doc. No. 12-10, at 9. It stated, "there is nothing in the record to show that Jordan's shoes were identifiable as prison garb insomuch that they would necessarily and unavoidably inform the jury of Jordan's status as an inmate." *Id.* (citing *Gholston v. State*, 620 So.2d 715, 716 (Ala. Crim. App. 1992), which cites *Estelle* and other

14

Alabama state court cases interpreting *Estelle*). The Court of Criminal Appeals also pointed out the trial court's efforts to minimize the jury's view of her shoes and clothing. *Id.* (quoting the trial transcript). The Alabama Supreme Court denied Jordan's request for further review on the issue. Doc. No. 12-13, at 7-9; Doc. No. 12-14.

**2. The State Court Ruling Is Not Grounds for Habeas Relief**

This Court concludes that the decision by the Alabama state court regarding Jordan's clothing before the jury was not contrary to clearly established federal law, as determined by the United States Supreme Court in *Estelle*, or an unreasonable application of *Estelle*. *See* 28 U.S.C. 2254(d)(1). In addition, the Alabama state court decision was not an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(2). The state court reasonably ruled that it was not obvious that Jordan's sandals were prison clothing, and although the trial court was concerned about Jordan's shoes and clothing, the trial court minimized the jury's view of Jordan's attire. Federal habeas relief cannot be granted simply if the federal court disagrees with the state court decision or if it would have decided the issue differently in the first place. *See Lockyer*, 538 U.S. at 76. Instead, to grant habeas relief, this Court must conclude "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Etherton*, 136 S. Ct. at 1151 (citation omitted). Here, fairminded jurists could conclude that Jordan's clothing was appropriate under *Estelle*. Thus, Jordan is not entitled to section 2254 relief on her claim.

**IV. NO EVIDENTIARY HEARING IS NEEDED**

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted). The Court is not required hold an evidentiary hearing on Jordan's claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.*

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner LaToria D. Jordan be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before May 23, 2017, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982). *See Stein v. Reynolds Securities*, Inc., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of May, 2017.

<pre>                          /s/ Wallace Capel, Jr.
                          CHIEF UNITED STATES MAGISTRATE JUDGE</pre>